Earl, J., reads for affirmance.
All concur.
Judgment affirmed.

---

John M. Batterman, Respondent, *v.* Jarratt Morford
et al., Appellants.

(Argued February 21, 1879 ; decided March 18, 1879.)

This action was brought to recover damages for an alleged
breach of a contract for the sale and delivery by defendants
to plaintiff of 240 tons of plaster.

The only question presented was as to whether there was
a valid contract.

The plaintiff lived in Albany, N. Y., and the defendants
in Bridgeport, Conn. The negotiation was wholly by letter.
The first was from the plaintiff, dated October 28, 1871;
by it he asks the defendants at what price they could deliver
one or two hundred tons of plaster to him at Albany "this
fall." On the 30th of October the defendants wrote : "We
will send you one or two hundred tons for 4½ per ton deliv-
ered in Albany if you will give us your order now." It was
assumed by both parties that this meant four and a half dol-
lars. On the 3d of November the plaintiff acknowledges the
receipt of the letter and asks : "Will you make me any bet-
ter price if I order four hundred tons ? " The defendants did
not reply to this question, and on the 6th of November the
plaintiff writes : "You may send me 200 tons soft white
plaster at 4½ per ton as late as you dare wait before the
closing of the river." The defendants did not deny the
receipt of this letter. On the 18th of November, the plain-
tiff telegraphed to the defendants : "Ship two hundred tons
more plaster, same price and quality;" and on the 20th
wrote a letter repeating the telegram, adding : "My first
order must be left at Schuyler's dock ;" and on the next day
the defendants wrote : "We have lost two of our plaster ves-

sels and do not know how it will be about getting your plaster; we hope to be able to fill the order, and shall, if possible." The plaintiff on the next day, by letter, expresses to the defendants his surprise at the receipt " of your letter of the 21st," adding : " I understood that you had agreed to deliver me the first two hundred tons; as to the last, you may fill it or not as you please. Let me know what you will do by return mail, or telegraph, as it is getting late." The defendants write on the next day, November 23, expressing a " hope to be able to fill your order for plaster," and say : " We have lost two cargoes plaster bouud here, which we hoped to give you, but they are lost, so that can't be helped. I wrote you, so that if you should have an opportunity to buy, you might."

On the 24th, defendants write that they have been " at work all day to get a vessel to take your cargo of plaster, 240 tons," and ask permission to draw on plaintiff for $150, freight advanced, " when they send bills of lading." This plaintiff gave, and on the 28th a draft was drawn, with directions to charge to defendants. On the 27th, defendants telegraph that they " cannot positively engage to deliver any more plaster," and on the 28th they write, " If we have any more plaster will fill your other order, if we can get a vessel to take it." The vessel with the 240 tons proceeded as far as New York, but on account of the closing of the Hudson river by ice, could proceed no further. On December 16th, defendants write that the cargo " was left at Port Morris, at a loss to us of $50 to $100," adding, " we had sold the cargo to you for $4½ per ton." *Held*, that defendants were not bound by their offer of October 30th any longer than sufficient time to enable plaintiff to accept (*Mactier* v. *Frith*, 6 Wend., 103) ; that its terms required an acceptance by return mail, and that as plaintiff's letter of November 3d did not accept, the acceptance of November 6th was not binding upon defendants ; but that the acts and statements of defendants showed a waiver of the condition of immediate acceptance, and that they regarded the said letter of the 6th as an acceptance in time of their offer ; that the procuring of the cargoes to fill

the order after its receipt was a clear indication that the condition was waived, and the offer considered as standing at the time of acceptance, and there was therefore the meeting of the minds of the parties necessary to a valid contract; that it was not necessary that the fact should have been communicated to plaintiff (*Mactier* v. *Frith*, 6 Wend., 103; *Hallock* v. *Ins. Co.*, 25 N. J. (2 Dutcher) 280–283); also, that the subsequent correspondence evidenced clearly that defendants understood that a contract was made, and that they assented to the correctness of plaintiff's understanding of it; and they were therefore estopped from denying it.

*Rufus W. Peckham* for appellants.

*Samuel Hand* for respondent.

All concur, except CHURCH, Ch. J., RAPALLO and MILLER, JJ., not voting.

Judgment affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff in Error, *v.* LASER SHULMAN et al., Defendants in Error.

(Argued January 22, 1879; decided March 25, 1879.)

A MAJORITY of the court did not concur in any opinion written herein. (Reported below, 14 Hun, 516.)

*Horace Russell* for plaintiff in error.

*John O. Mott* for defendants in error.

EARL, J., reads opinion for reversal of judgment of General Term, and affirmance of that of the Court of Sessions; FOLGER and MILLER, JJ., concur.

DANFORTH, J., read for affirmance; CHURCH, Ch. J., concurs;